UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristin Worth, Austin Dye, Axel Anderson, Minnesota Gun Owners Caucus, Second Amendment Foundation, and Firearms Policy Coalition, Inc., | Case No. 0:21-cv-01348 (NEB/LIB) |
| Plaintiffs, | |
| v. | **ANSWER OF DEFENDANT COMMISSIONER JOHN HARRINGTON** |
| John Harrington, *in his individual capacity and in his official capacity as Commissioner of the Minnesota Department of Public Safety*, Don Lorge, *in his individual capacity and in his official capacity as Sheriff of Mille Lacs County, Minnesota*, Troy Wolberson, *in his individual capacity and in his official capacity as Sheriff of Douglas County, Minnesota*, and Dan Starry, *in his individual capacity and in his official capacity as Sheriff of Washington County, Minnesota*, | |
| Defendants. | |

For his answer to Plaintiffs' Complaint, Defendant John Harrington ("Defendant") states as follows:

Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendant denies each and every allegation in the Complaint.

## INTRODUCTION

1. Paragraph 1 contains a summary and characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendant states that

*District of Columbia v. Heller* speaks for itself and denies any allegations in Paragraph 1 to the extent they are inconsistent with or misconstrue that opinion. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant states that *Heller* speaks for itself and denies any allegations in Paragraph 2 to the extent they are inconsistent with or misconstrue that opinion.

3. Defendant states that *McDonald v. City of Chicago* speaks for itself and denies any allegations in Paragraph 3 to the extent they are inconsistent with or misconstrue that opinion.

4. Defendant states that *Heller* speaks for itself and denies any allegations in Paragraph 4 to the extent they are inconsistent with or misconstrue that opinion.

5. Defendant states that *Heller* speaks for itself and denies any allegations in Paragraph 5 to the extent they are inconsistent with or misconstrue that opinion.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant states that Minn. Stat. § 624.714, subd. 1a speaks for itself and denies any allegations in Paragraph 8 to the extent they are inconsistent therewith.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 regarding Plaintiffs and therefore denies the same. Defendant further states that Minn. Stat. § 624.714, subd. 2(b)(2) speaks for itself and denies any allegations in Paragraph 9 to the extent they are inconsistent therewith.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding Plaintiffs and therefore denies the

same. Defendant further states that Minn. Stat. § 624.714 and *Heller* speaks for themselves and denies any allegations in Paragraph 10 to the extent they are inconsistent therewith.

11. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in Paragraph 11 to the extent they are inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 regarding Plaintiffs and therefore denies the same. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Defendant denies the allegations in the first sentence of Paragraph 15. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in the second sentence of Paragraph 15 to the extent they are inconsistent therewith.

16. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in the first sentence of Paragraph 16 to the extent they are inconsistent therewith. Defendant denies the allegations in the second sentence of Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

## PARTIES

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 19 and therefore denies the same. Defendant denies the allegations in the fourth sentence of Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 20 and therefore denies the same. Defendant denies the allegations in the fourth sentence of Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 21 and therefore denies the same. Defendant denies the allegations in the fourth sentence of Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fifth sentences of Paragraph 22 and therefore denies the same. Defendant denies the allegations in the sixth sentence of Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth sentences of Paragraph 23 and therefore denies the same. Defendant denies the allegations in the fifth sentence of Paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fifth sentences of Paragraph 24 and therefore denies the same. Defendant denies the allegations in the sixth sentence of Paragraph 24.

25. Defendant admits that Plaintiffs' Complaint names him in his individual capacity and in his official capacity as the Commissioner of the Minnesota Department of Public Safety. Defendant states that Minn. Stat. § 624.7151 speaks for itself and denies any allegations in Paragraph 25 to the extent they are inconsistent therewith.

26. Defendant admits that Plaintiffs' Complaint names Defendant Don Lorge in his individual capacity and in his official capacity as Sheriff of Mille Lacs County, Minnesota. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in Paragraph 26 to the extent they are inconsistent therewith.

27. Defendant admits that Plaintiffs' Complaint names Defendant Troy Wolbersen in his individual capacity and in his official capacity as Sheriff of Douglas County, Minnesota. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in Paragraph 27 to the extent they are inconsistent therewith.

28. Defendant admits that Plaintiffs' Complaint names Defendant Dan Starry in his individual capacity and in his official capacity as Sheriff of Washington County, Minnesota. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in Paragraph 28 to the extent they are inconsistent therewith.

**JURISDICTION AND VENUE**

29. Defendant admits that this Court has jurisdiction over this proceeding.

30. Defendant admits that Plaintiffs seek the relief alleged in Paragraph 30 but denies that Plaintiffs are entitled to any such relief.

31. Defendant admits that venue is proper in this District.

## THE LAWS AT ISSUE

32. Defendant states that Minn. Stat. §§ 624.7181, 624.712, and 624.714 speak for themselves and denies any allegations in Paragraph 32 to the extent they are inconsistent therewith.

33. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in Paragraph 33 to the extent they are inconsistent therewith.

34. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in Paragraph 34 to the extent they are inconsistent therewith.

35. Defendant states that Minn. Stat. §§ 609.03 and 624.714 speaks for themselves and denies any allegations in Paragraph 35 to the extent they are inconsistent therewith.

## STATEMENT OF FACTS RELATING TO PLAINTIFF WORTH

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the same.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the same.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies the same.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

48. Defendant denies the allegations in Paragraph 48.

## STATEMENT OF FACTS RELATING TO PLAINTIFF DYE

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies the same.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies the same.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies the same.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies the same.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies the same.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies the same.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies the same.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies the same.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies the same.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies the same.

61. Defendant denies the allegations in Paragraph 61.

**STATEMENT OF FACTS RELATING TO PLAINTIFF ANDERSON**

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies the same.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies the same.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies the same.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies the same.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies the same.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies the same.

74. Defendant denies the allegations in Paragraph 74.

## HISTORY AND EFFECTS OF PUBLIC CARRY

75. Defendant states that the Militia Act speaks for itself and denies any allegations in Paragraph 75 to the extent they are inconsistent therewith.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies the same.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies the same.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies the same.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies the same.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies the same.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies the same.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies the same.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies the same.

**COUNT I: MINN. STAT. §§ 624.714 subd. 1a AND 624.714 subd. 2(b)(2)
ARE UNCONSTITUTIONAL FACIALLY AND AS APPLIED UNDER THE
SECOND AND FOURTEENTH AMENDMENTS**
*(All Plaintiffs v. Defendants)*

84. Defendant incorporates by reference his answers to each of the preceding paragraphs.

85. Defendant states that the Second Amendment speaks for itself and denies any allegations in Paragraph 85 to the extent they are inconsistent therewith.

86. Defendant states that *Heller* speaks for itself and denies any allegations in Paragraph 86 to the extent they are inconsistent with or misconstrue that opinion.

87. Defendant states that *Heller* speaks for itself and denies any allegations in Paragraph 87 to the extent they are inconsistent with or misconstrue that opinion.

88. Defendant states that *McDonald* speaks for itself and denies any allegations in Paragraph 88 to the extent they are inconsistent with or misconstrue that opinion.

89. Defendant states that 42 U.S.C. § 1983 speaks for itself and denies any allegations in Paragraph 89 to the extent they are inconsistent therewith.

90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny the same.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

## COUNT II: MINN STAT. §§ 624.714 subd. 1a AND 624.714 subd. 2(b)(2) ARE UNCONSTITUTIONAL AS APPLIED TO 18-TO-20-YEAR-OLD WOMEN UNDER THE SECOND AND FOURTEENTH AMENDMENTS
*(Kristin Worth, FPC, SAF, MGOC v. Defendants)*

96. Defendant incorporates by reference his answers to each of the preceding paragraphs.

97. Defendant states that Minn. Stat. § 624.714 speaks for itself and denies any allegations in Paragraph 97 to the extent they are inconsistent therewith.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies the same.

100. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies the same.

101. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies the same.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

### REQUEST FOR RELIEF

The remainder of the Complaint contains Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendant denies the allegations in Plaintiffs' prayer for relief and further aver that Plaintiffs are not entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim against Defendant upon which relief can be granted.

2. Plaintiffs' claims against Defendant are barred, in whole or in part, by the doctrines of Eleventh Amendment, absolute, and/or qualified immunity.

3. The Court lacks subject-matter jurisdiction over Plaintiffs' claims because Plaintiffs lack standing.

4. Defendant reserves any other available affirmative defenses or objections

WHEREFORE, Defendant asks this Court to dismiss the Complaint and the causes of action therein, enter judgment in Defendant's favor with respect to Plaintiffs' Complaint, and award Defendant his costs and disbursements incurred in connection with Plaintiffs' Complaint, including reasonable attorneys' fees.

Dated:  August 13, 2021

KEITH ELLISON
Attorney General
State of Minnesota

**s/ Cicely R. Miltich**
CICELY R. MILTICH
Assistant Attorney General
Atty. Reg. No. 0392902

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1243 (Voice)
(651) 282-5832 (Fax)
cicely.miltich@ag.state.mn.us

ATTORNEY FOR DEFENDANT
COMMISSIONER JOHN HARRINGTON