UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kristin Worth, et al., | Case No. 21-cv-01348 (NEB/LIB) |
| Plaintiffs, | **STATEMENT OF THE CASE BY DEFENDANTS DON LORGE, TROY WOLBERSON, AND DAN STARRY** |
| v. | |
| John Harrington, in his individual Capacity and in his official capacity As Commissioner of the Minnesota Department of Public Safety, et al., | |
| Defendants. | |

---

TO: The above-named Court and Plaintiffs Kristin Worth, Austin Dye, Axel Anderson, Minnesota Gun Owners Caucus, Second Amendment Foundation, and Firearms Policy Coalition, Inc., by and through their attorneys Blair W. Nelson, Blair W. Nelson, LTD., 205 7th Street N.W. Suite 3, Bemidji, MN 56601, and David H. Thompson, Peter A. Patterson, and William V. Bergstrom, Cooper & Kirk, 1523 New Hampshire Avenue, N.W., Washington D.C. 20036.

Defendants Don Lorge, Troy Wolbersen, and Dan Starry ("County Sheriffs") hereby submit the following as and for their Statement of the Case:

**A.    County Sheriffs' version of the facts of the case.**

Defendant Don Lorge is the Sheriff for Mille Lacs County, Minnesota. Defendant Troy Wilberson is the Sheriff for Douglass County, Minnesota. Defendant Dan Starry is the Sheriff for Washington County, Minnesota. Each of the Defendants is being sued in his individual and official capacity as Sheriff. The County Sheriffs have the duties and

responsibilities as set forth in Minnesota Statutes Chapter 387, as well as other duties assigned to them by the State of Minnesota in other statutes.

Based on the allegations in the Complaint, the individual Plaintiffs – Kristin Worth, Austin Dye, and Axel Anderson – are 18 to 20 year-olds who are precluded by state law from being granted a permit pursuant to Minnesota Statutes section 624.714, subdivision 2(b)(2). Ms. Worth resides in Mille Lacs County, Mr. Dye resides in Washington County, and Mr. Anderson resides in Douglas County. The County Sheriffs will need to conduct discovery to determine, among other issues, whether the individual Plaintiffs satisfy the other elements necessary to obtain a permit to carry under Minnesota law.

The organizational Plaintiffs – Minnesota Gun Owners Caucus, Second Amendment Foundation, and Firearms Policy Coalition, Inc. – purport to have members who are 18 to 20 years old and claim to have been adversely harmed by the County Sheriffs. However, the organizational Plaintiffs do not plead that any of their members have applied for and been denied a permit by the County Sheriffs because the individual was under 21 years of age. Likewise, the organizational Plaintiffs fail to plead with any level of specificity the adverse harm their members allegedly suffered.

This case is a Second Amendment challenge to the law requiring a permit to carry a handgun in public. Plaintiffs claim the state statutes that govern the requirement of having a permit to carry a handgun in public, Minn. Stat §§ 624.71 *et. seq.*, violate the Second Amendment's right to bear arms.

The specific portion of the statute at issue in this case, Minnesota Statutes section 624.714, subdivision 2(b), provides the following:

> Unless a sheriff denies a permit under the exception set forth in subdivision 6, paragraph (a), clause (3), **a sheriff must issue a permit to an applicant if the person**:
>
>> (1) has training in the safe use of a pistol;
>> (2) **is at least 21 years old** and a citizen or a permanent resident of the United States;
>> (3) completes an application for a permit;
>> (4) is not prohibited from possessing a firearm under the following [specified statutes]
>> (5) is not listed in the criminal gang investigative data system under section 299C.091.

(emphasis added). The County Sheriffs' obligations are clear: if an individual satisfies the requirements created by the Minnesota legislature in Section 624.714, subdivision 2(b), the Sheriffs "must issue a permit." The County Sheriffs must carry out the law. In fact, any county regulation of the carrying or possessing of pistols is superseded by state law. Minn. Stat. § 624.717.

Here, none of the individual Plaintiffs has submitted an application for a permit to carry under Minnesota Statutes section 624.714, subdivision 2. Likewise, the organizational Plaintiffs have never applied for a permit to carry from any of the County Sheriffs' counties, nor have the organizational Plaintiffs even alleged that individuals they purport to represent have ever applied for and been denied a permit to carry by the County Sheriffs. The County Sheriffs have taken no action against any of the Plaintiffs.

**B.     A listing of particularized facts which support the claimed liability or defenses, including any applicable statutes as identified by number.**

The specific statute challenged in this lawsuit, Minnesota Statutes section 624.714, subdivision 2(b)(2), is constitutional. *See State v. Hatch*, 962 N.W.2d 661 (Minn. 2021) (finding that "the permit-to-carry statute does not violate the Second Amendment to the

United States Constitution"). Similar statutory schemes have been addressed by federal courts across the country and found to not be in violation of the Second Amendment. *See, e.g.*, *Young v. Hawaii*, 992 F.3d 765, 783 (9th Cir. 2021); *Gould v. Morgan*, 907 F.3d 659, 668 (1st Cir. 2018); *Woodland v. Gallagher*, 712 F.3d 865, 874 (4th Cir. 2013).

Because none of the Plaintiffs has ever applied for and been denied a permit to carry, the County Sheriffs have no individual responsibility for any alleged constitutional violation as asserted in the Complaint. Stated another way, the individual Sheriffs have taken no action to satisfy the element of personal involvement in the claimed violation of the Constitutional provision and therefore cannot be held responsible in their individual capacities.

Regarding the official capacity claims against the County Sheriffs, those claims are deemed to be suits against the municipalities. The Counties in question, however, have not enforced or adopted any custom or policy that would give rise to this constitutional claim. Instead it is State law that sets forth the requirements for a permit. As such, the Counties cannot be held liable under the Plaintiffs' Section 1983 claims. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The Counties are, by statute, charged with enforcing state law, and are in that sense acting as the state, and are not proper defendants.

**C.    An itemization and explanation of any claimed damages.**

Not applicable to these parties.

|  |  |
|---|---|
|  | **RUPP, ANDERSON, SQUIRES & WALDSPURGER, P.A.** |
| Dated: September 22, 2021 | /s/ Scott T. Anderson<br>Scott T. Anderson (#157405)<br>Kristin C. Nierengarten (#395224)<br>Zachary J. Cronen (#397420)<br>333 South Seventh Street, Suite 2800<br>Minneapolis, MN 55402<br>Phone: (612) 436-4300<br>Fax: (612) 436-4340<br>Email: scott.anderson@raswlaw.com<br>         kristin.nierengarten@raswlaw.com<br>         zachary.cronen@raswlaw.com<br><br>**ATTORNEYS FOR DEFENDANTS DON LORGE, TROY WOLBERSEN, AND DAN STARRY** |