UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kristin Worth, et al,

    Plaintiff,

v.

John Harrington, in his individual capacity and in his official capacity as Commissioner of the Minnesota Department of Public Safety, et al,

    Defendant.

CIVIL FILE NO. 21-1348 (NEB/LIB)
RULE 26(f) REPORT

_____

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on September 9, 2021, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is to be conducted solely on the written submissions made by the parties. *See* Doc. 21.

(a) Description of the Case.

    (1) Concise factual summary of plaintiff's claims:

**Plaintiffs are individual residents of Minnesota 18-to-20-years old who desire to exercise their Second Amendment rights by carrying loaded handguns in public and associations who count these individuals and other similarly situated 18-to-20-year-olds among their members. They are prevented from exercising their rights by Minnesota statutes and seek a judgment declaring those statutes facially unconstitutional and enjoining their enforcement. In the alternative, Plaintiffs seek a declaration (and related injunction) that the statutes are unconstitutional as-applied to 18-to-20-year-old women.**

    (2) Concise factual summary of defendant's claims/defenses:

**County Defendants: Mille Lacs County Sheriff Don Lorge, Douglas County Sheriff Troy Wolbersen, and Washington County Sheriff Dan Starry have taken no action on any permit applications from plaintiffs or from any other**

1

**individuals who are 18 to 20 years old.  They cannot therefore have any individual responsibility for any alleged constitutional violation as alleged in the complaint.  In terms of the Sheriffs being sued in their official capacities, those are deemed to be suits against the municipalities, and the Counties in question have not enforced or adopted any custom or policy that would give rise to a constitutional claim.  They are by Statute charged with enforcing State law, and are in that sense acting as the state, and are not proper defendants nor can they have liability under Monell. The County Defendants contend that Minn. Stat. § 624.714 is constitutional because it restricts conduct that is not protected by the Second Amendment and even if it did, passes constitutional scrutiny.  There may be standing issues, but the Defendants will not know the parameters of that before discovery has been completed.**

**Defendant Commissioner Harrington:  Plaintiffs challenge the licensing scheme set forth in Minn. Stat. § 624.714, which prohibits individuals under the age of 21 from obtaining a license to carry a loaded handgun in public.  The statute is constitutional because it restricts conduct that is not protected by the Second Amendment and even if it did, passes constitutional scrutiny.  Plaintiffs' claims may fail for additional reasons related to standing and mootness that will be the subject of discovery.**

(3) Statement of jurisdiction (including statutory citations): **This court has jurisdiction under 28 U.S.C. §§ 1331, 1343, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.**

(4) Summary of factual stipulations or agreements: **None at this time.**

(5) Statement of whether a jury trial has been timely demanded by any party: **No.**

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable: **No.**

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action: **All process has been served, all pleadings filed, and no party currently plans to amend pleadings or add additional parties.**

**Plaintiffs' Statement on Adding Parties: Due to the nature of Plaintiffs' claims, Plaintiffs may seek to add new individual plaintiffs as current ones turn 21. Plaintiffs reserve the right to seek to do so as it becomes necessary.**

**Defendant Harrington's Position: The deadlines for amending to add new parties should apply and Defendant Harrington will oppose motions to amend that are untimely under that deadline.**

**The County Defendants take no position on this.**

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **October 25, 2021.**

(2) The parties do not anticipate completing any physical or mental examinations under Fed. R. Civ. P. 35 in this case.

(3) The plaintiffs suggest the parties must commence fact discovery procedures, limited to standing and mootness issues, in time to be completed by **November 22, 2021.**

The defendants suggest the parties must commence fact discovery procedures in time to be completed by **March 4, 2022**.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

  (A) **25** interrogatories;

  (B) **25** document requests;

  (C) **5** factual depositions;

  (D) **no limit on** requests for admissions;

  (E) **0** Rule 35 medical examinations;  and

  (F) **0** other.

(d) Expert Discovery.

(1) The defendants anticipate that they will require expert witnesses.

**Plaintiffs' Position: Plaintiffs oppose the use of expert witnesses in this case, on the grounds that the constitutional issues presented by the complaint implicate no evidentiary issues at all (other than minimal inquiry into Plaintiffs' standing). Addressing a similar challenge on appeal, the Seventh**

**Circuit in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) reversed a decision granting a motion to dismiss and, rather than remanding for discovery (expert or otherwise), summary judgment, and (if necessary) trial, it ordered judgment entered for plaintiffs noting "there [were] no evidentiary issues in [the] case[]" because "the constitutionality of the challenged statutory provisions [did] not present factual questions for determination at trial" but rather turned on "legislative facts," *i.e.*, "facts that bear on the justification for legislation, as distinct from facts concerning the conduct of the parties in a particular case." The same reasoning applies here, and the facts bearing on the justification for the challenged legislation can be addressed in briefing and argument, just as they were in *Moore* and in other cases presenting issues similar to this case. *See, e.g.*, *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 5 F.4th 407 (4th Cir. 2021), vacated as moot, No. 19-2250, slip op. at 7 (Sept. 22, 2021); *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013); *Nat'l Rifle Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012).**

**Defendants' Position:  Although numerous courts have dismissed claims nearly identical to Plaintiffs' without the aid of expert testimony, others have relied, in part, on expert testimony to conclude that age restrictions on the possession and use of firearms do not violate the Second Amendment.  *See, e.g.*, *Mitchell v. Atkins*, 483 F. Supp. 3d 985, 995-96 (W.D. Wash. Aug. 31, 2020).  Even where courts have dismissed Plaintiffs' claims based on threshold legal issues, they have still allowed the parties to engage in expert discovery on the Second Amendment questions.  *See, e.g.*, *Nat'l Rifle Assoc. of Am., Inc. v. Swearingen*, Civ. No. 18-137, 2021 WL 2592545 (N.D. Fla. June 24, 2021).  Accordingly, Defendants are entitled to reserve their right to obtain and use expert testimony in their defense of this matter.**

(A) The plaintiffs anticipate calling **0** experts, unless defendants call experts, in which case plaintiffs reserve the right to call rebuttal experts in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii).

(B) The County Defendants anticipate calling **0** experts. Defendant Commissioner Harrington anticipates calling **2** experts,

(2) The Plaintiffs object to expert discovery as explained above. The Defendant Commissioner Harrington propose that the Court establish the following plan for expert discovery:

**(A) The written expert reports of Defendants' experts, completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before January 31, 2022.**

**(B)  All expert discovery must be completed by March 4, 2022.**

(e) Other Discovery Issues.

(1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [proposed protective order/report identifying areas of disagreement].

(The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

**The parties do not anticipate needing such an agreement at this time.**

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced.  The parties have reached the following agreements and identified the following issues:

**The parties do not anticipate needing such an agreement at this time.**

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.  The parties request the Court to include the following agreement in the scheduling order:

**The parties do not anticipate needing such an agreement at this time.**

(4) The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **October 24, 2021. In agreeing to this deadline, Plaintiffs maintain the right to move to add additional parties after this date to the extent the existing Individual Plaintiffs turn 21 before the conclusion of the litigation.**

(2) Motions seeking to amend the pleadings must be filed and served by **October 24, 2021.**

(3) Plaintiffs suggest that other non-dispositive motions must be filed and heard by **January 3, 2022.**

    Defendants suggest that other non-dispositive motions must be filed and heard by **April 4, 2022.**

(4) Plaintiffs suggest all dispositive motions must be filed and served by **January 3, 2022.**

    Defendants suggest that all dispositive motions must be filed and served by **May 4, 2022.**

    **Plaintiffs' Position: In light of the purely legal issues at stake in this case and in the interest of promoting judicial economy and efficiency, the Plaintiffs are willing to engage in limited discovery related to standing, following which dispositive motions should be filed by January 3, 2022.**

    **Defendant Commissioner Harrington's Position:  Dispositive motions should not be heard until the completion of fact and expert discovery, which is necessary for Defendant to prepare its affirmative motion for summary judgment and oppose Plaintiffs' contemplated motion for summary judgment.**

    **The County Defendants' Position: County Defendants agree with Defendant Harrington's position on the timing of dispositive motions.**

(g) Trial-Ready Date.

  (1) The parties agree that the case will be ready for trial **August 5, 2022 or 30 days after the Court renders its Order on any dispositive motion (whichever is later).**

  (2) The parties propose that the final pretrial conference be held on or before **July 21, 2022 or 20 days after a decision on the dispositive motions (whichever is later).**

(h) Insurance Carriers/Indemnitors.

    List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

    **The County Defendants: The County Defendants do not have any insurance coverage for the claims made in this litigation.  They are members of the Minnesota Counties Intergovernmental Trust (MCIT), a joint powers governmental entity formed and maintained pursuant to Minnesota Statutes § 471.59.  Pursuant to the membership agreement, the MCIT provides a defense for the claims made in this litigation, and indemnification of up to $2,000,000 for the type of claims asserted in this case.**

**Defendant Commissioner Harrington: The Defendant is self-insured.**

(i) Settlement.

   (1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

   (2) The parties propose that a settlement conference be scheduled to take place before **trial, if dispositive motions do not resolve the case.**

   (3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: **Due to the nature of the case, the parties have discussed alternative dispute resolution and settlement and do not believe either will help to resolve this case.**

(j) Trial by Magistrate Judge.

   The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE: September 23, 2021        */s/ David H. Thompson*_____
                                David H. Thompson*
                                Peter A. Patterson*
                                William V. Bergstrom*
                                COOPER & KIRK, PLLC
                                1523 New Hampshire Avenue, N.W.
                                Washington, D.C. 20036
                                (202) 220-9600
                                (202) 220-9601 (fax)
                                dthompson@cooperkirk.com
                                ppatterson@cooperkirk.com
                                wbergstrom@cooperkirk.com

                                Blair W. Nelson
                                Minnesota Bar No. 027309
                                BLAIR W. NELSON, LTD.
                                205 7th Street N.W., Suite 3
                                Bemidji, MN 56601
                                (218) 444-4531
                                bwnelson@paulbunyan.net

                                *Admitted *pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**

DATE: September 23, 2021   */s/ Scott T. Anderson*
Scott T. Anderson (#157405)
Kristin C. Nierengarten (#395224)
Zachary J. Cronen (#397420
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
Fax: (612) 436-4340
Email:scott.anderson@raswlaw.com
kristin.nierengarten@raswlaw.com
zachary.cronen@raswlaw.com

**ATTORNEYS FOR DEFENDANTS**
**DON LORGE, TROY WOLBERSEN,**
**AND DAN STARRY**


DATE: **September 23, 2021**   s/ Cicely R. Miltich
Cicely R. Miltich (#0392902)
Assistant Attorney General
Minnesota Attorney General's Office
445 Minnesota Street, Suite 1100
Saint Paul, MN  55101
Phone: (651) 757-1243
Fax: (651) 282-5832
cicely.miltich@ag.state.mn.us

**ATTORNEY FOR DEFENDANT**
**COMMISSIONER JOHN HARRINGTON**