UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristin Worth, Austin Dye, Axel Anderson, Minnesota Gun Owners Caucus, Second Amendment Foundation, and Firearms Policy Coalition, Inc., <br><br>    Plaintiffs,<br><br>vs.<br><br>John Harrington, *in his individual capacity and in his official capacity as commissioner of the Minnesota Department of Public Safety*, Don Lorge, *in his individual capacity as Sheriff of Mille Lacs County, Minnesota*, Troy Wolberson, *in his individual capacity and his official capacity as Sheriff of Douglas County, Minnesota*, and Dan Starry, *in his individual capacity and in his official capacity as Sheriff of Washington, County, Minnesota*,<br><br>    Defendants. | Case No. 0:21-cv-01348 (KMM/LIB)<br><br><br>**PLAINTIFF AUSTIN DYE'S RESPONSES AND OBJECTIONS TO DEFENDANT COMMISSIONER JOHN HARRINGTON'S FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff, by his undersigned counsel, hereby serves the following Objections and Responses to Defendant Harrington's First Set of Requests for Admission. Plaintiff generally reserves the right to supplement and/or amend these responses to the extent required and/or allowed by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Plaintiff objects to the definitions to the extent they exceed the scope and requirements of Rule 36 of the Federal Rules of Civil Procedure. Plaintiff objects to the definitions of "Plaintiff," "you," and "your" to the extent that they include within their scope plaintiffs' litigation counsel for the instant matter and therefore request information clearly protected by the attorney-client

Exhibit 2

privilege and work product doctrine. Plaintiff will interpret those terms not to include plaintiff's litigation counsel.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that you have not submitted an application for a permit to carry under Minn. Stat. § 624.714.

**RESPONSE:** ADMIT. Plaintiff has not submitted an application for a permit to carry because doing so would be futile as he plainly does not meet the age requirement set out in Minn. Stat. § 624.714 subd. 2(b)(2).

**REQUEST NO. 2:**

Admit that you have not submitted an application for a permit to carry under Minn. Stat. § 624.714 to any current or former employees and/or agents of any of the Defendants.

**RESPONSE:** ADMIT. Plaintiff has not submitted an application for a permit to carry because doing so would be futile as he plainly does not meet the age requirement set out in Minn. Stat. § 624.714 subd. 2(b)(2).

**REQUEST NO. 3:**

Admit that you have never been denied a permit to carry under Minn. Stat. § 624.714.

**RESPONSE:** ADMIT.

**REQUEST NO. 4:**

Admit that no current or former employees and/or agents of any of the Defendants have taken any action against you personally to enforce any of the provisions in Minn. Stat. § 624.714.

**RESPONSE:** ADMIT, insofar as Plaintiff has not engaged in any action that would violate Minn. Stat. § 624.714 so he has never had any of its provisions enforced against him in the form of an

Exhibit 2

arrest or prosecution. However, Defendants are charged by law with enforcing the challenged provisions against individuals in Minnesota, including Plaintiff, and that threat the threat of enforcement has caused Plaintiff to refrain from carrying a handgun in self-defense as he desires to do.

**REQUEST NO. 5**

Admit that you are lawfully able to own a firearm in Minnesota.

**RESPONSE:** ADMIT.

|  |  |
|---|---|
| Dated: April 1, 2022 | /s/David H. Thompson<br>David H. Thompson<br>Peter A. Patterson<br>William V. Bergstrom<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, NW<br>Washington DC, 20036<br>(202) 220-9601 (fax)<br>(202) 220-9600 (telephone)<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>wbergstrom@cooperkirk.com<br><br>Blair Nelson<br>BLAIR W. NELSON, LTD.<br>205 7th Street N.W., Suite 3<br>Bemidji, MN 56601<br><br>*Attorneys for Plaintiffs* |