## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| KRISTIN WORTH, et al., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Action No. 0:21-cv-01348-KMM-LIB |
| JOHN HARRINGTON, et al., | ) ) | |
| *Defendants*. | ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION OF GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE AND PROTECT MINNESOTA FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and Protect Minnesota (together, "*Amici*") state the following in support of their motion for leave to file an *amicus curiae* brief:

1.     Giffords Law Center is a non-profit policy organization serving lawmakers, advocates, legal professionals, gun violence survivors, and others who seek to reduce gun violence and improve the safety of their communities.[1]  The organization was founded more than a quarter-century ago following a gun massacre at a San Francisco law firm and was renamed Giffords Law Center in 2017 after

---

[1]     Giffords Law Center's website, www.giffords.org/lawcenter, is the premier clearinghouse for comprehensive information about federal, state, and local firearms laws and Second Amendment litigation nationwide.

joining forces with the gun-safety organization led by former Congresswoman Gabrielle Giffords.  Today, through partnerships with gun violence researchers, public health experts, and community organizations, Giffords Law Center researches, drafts, and defends laws, policies, and programs proven to effectively reduce gun violence.  Together with its partner organization known simply as Giffords, Giffords Law Center also advocates for the interests of gun owners and law enforcement officials who understand that Second Amendment rights have always been consistent with gun safety legislation and community violence prevention strategies.

2.     Giffords Law Center has contributed technical expertise and informed analysis as an *amicus* in numerous cases involving firearm regulations and constitutional principles affecting gun policy.  *See, e.g.*, *District of Columbia* v. *Heller*, 554 U.S. 570 (2008); *McDonald* v. *City of Chicago*, 561 U.S. 742 (2010); *NYSRPA* v. *Bruen*, 142 S. Ct. 2111 (2022).  Several courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings.  *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs* v. *Att'y Gen. N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Hirschfeld* v. *Bureau of Alcohol, Tobacco, Firearms & Explosives*, 417 F. Supp. 3d 747, 754, 759 (W.D. Va. 2019); *Md. Shall Issue* v. *Hogan*, 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel* v. *Sessions*, 879 F.3d

198, 204, 208, 210 (6th Cir. 2018); *Peruta* v. *County of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring).[2]

3.      Protect Minnesota is the only state-based gun violence prevention program in Minnesota.  Protect Minnesota is a non-profit organization that strives to prevent firearm deaths and injuries through engagement, advocacy, and community led solutions.  Our programs are evidenced based and informed by Minnesota communities.  As Minnesotans continue to witness a rise in firearm homicides and suicides, communities throughout Minnesota are asking for responsible gun ownership measures to ensure the safety of all Minnesotans.

4.      *Amici* have expertise with laws restricting firearm purchase by minors under the age of 21, and represent the interests of communities—particularly victims of gun violence—who benefit from those laws.[3]  *Amici*'s proposed brief, attached to this Motion, identifies compelling social science demonstrating that 18-to-20-year-olds are more impulsive and emotionally volatile than older adults because their brains are still developing, and that this age cohort commits a disproportionate share of violent crimes and is at a high risk of suicide.  This research shows that

---

[2]      Giffords Law Center filed the last two referenced briefs under its former name, the Law Center to Prevent Gun Violence.

[3]      *See, e.g.*, *Minimum Age to Purchase & Possess*, GIFFORDS LAW CENTER, https://lawcenter.giffords.org/gun-laws/policy-areas/who-can-have-a-gun/minimum-age/ (last visited July 28, 2022).

Minnesota's statute is analogous to historical restrictions on 18-to-20-year-olds and other groups of individuals who present a heightened risk of violence. It also confirms that the state's expressed concerns regarding the public carry of handguns by 18-to-20-year-olds were reasonable and pressing, and that minimum-age laws promote public safety and save lives.

5.      District courts have "broad inherent authority to permit or deny an appearance as *amicus curiae* in a given case." *Mausolf* v. *Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994), *rev'd on other grounds,* 85 F.3d 1295 (8th Cir. 1996). Generally, "the court . . . may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Murphy* v. *Piper*, 2018 WL 2088302, at *11 (D. Minn. May 4, 2018) (quoting *Richland/Wilkin Joint Powers Auth.* v. *U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014)).

6.      The Court's discretion may be informed by Federal Rule of Appellate Procedure 29, which requires an explanation of "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). The appellate rule allows prospective *amici curiae* to submit a proposed brief accompanied by a motion for leave to file up to "7 days after the . . . principal brief is filed." Fed. R. App. P. 29(a)(6).

7.      *Amici curiae* with policy and social science expertise, like Giffords Law Center and Protect Minnesota, often assist courts through so-called "Brandeis

-4-

briefs," a "well-known technique for asking the court to take judicial notice of social facts," including empirical evidence. *McCleskey* v. *Kemp*, 753 F.2d 877, 888 (11th Cir. 1985) (internal quotation marks omitted), *aff'd*, 481 U.S. 279 (1987). *Amici*'s expertise in neuroscience and social science could be particularly helpful to the Court here by explaining the potential real-world consequences of Minnesota's age-based restriction. *See Graham* v. *Florida*, 560 U.S. 48, 68 (2010) (citing Brandeis-style *amicus* briefs that described how "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds"). *Amici*'s proposed brief presents several publicly available social science studies, which the Court may properly consider at this stage of the proceedings. *See Papasan* v. *Allain*, 478 U.S. 265, 268 n.1 (1986) (at motion to dismiss stage, courts may consider "items in the public record"); *see also Nat'l Rifle Ass'n of Am., Inc.* v. *Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 210 (5th Cir. 2012) (considering social science evidence, including publicly available crime statistics, at summary judgment).

8.    *Amici*'s participation is desirable because they have substantial expertise with the minimum-age restriction at issue in this case, the legal framework applicable to Second Amendment challenges as presented in the Supreme Court's recent decision, *NYSRPA* v. *Bruen*, and the relevant social science evidence demonstrating the restriction's effectiveness.    The important constitutional

principles at stake here are fundamental to *Amici*'s mission and critically important to their supporters. The proposed *amicus* brief can help the Court evaluate the parties' claims by presenting timely social science research that supports Minnesota's restriction on 18-to-20-year-olds publicly carrying handguns.

*     *     *

For the foregoing reasons, *Amici* respectfully request that the Court grant their motion for leave to file an *amicus* brief.

Dated:  August 4, 2022

Respectfully submitted,

/s/ *Daniel S. Adkins*

*Of Counsel for* Amicus Curiae *Giffords Law Center to Prevent Gun Violence:*

Daniel S. Adkins (Bar No. 0266085)
North Star Criminal Defense
370 Selby Ave.
St. Paul, MN  55102
(651) 330-9678
dan@northstarcriminaldefense.com

Esther Sanchez-Gomez
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
268 Bush St. # 555
San Francisco, CA  94104
(415) 433-2062

*Counsel of Record for* Amici Curiae *Giffords Law Center to Prevent Gun Violence and Protect Minnesota*

Robert A. Sacks
Leonid Traps
Sophie A. Kivett
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
(212) 558-4000

*Of Counsel for* Amicus Curiae *Protect Minnesota:*

James Gempeler
North Star Criminal Defense
370 Selby Ave.
St. Paul, MN  55102
(651) 330-9678

Elizabeth A. Rose
Madeline B. Jenks
David W. Gould
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW, Suite 700
Washington, DC  20006
(202) 956-7500

## **CERTIFICATE OF COMPLIANCE**

I, Daniel S. Adkins certify that this brief complies with Local Rule 7.1(f). I further certify that, in preparation of the document, I used Microsoft Office Word 2016, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count. I further certify that the brief contains 1,088 words.

Dated:  August 4, 2022

/s/ *Daniel S. Adkins*
Daniel S. Adkins (Bar No. 0266085)
NORTH STAR CRIMINAL DEFENSE
370 Selby Ave.
St. Paul, MN  55102
(651) 330-9678
dan@northstarcriminaldefense.com

*Counsel of Record for* Amici Curiae
*Giffords Law Center to Prevent Gun Violence and Protect Minnesota*