IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| KRISTIN WORTH, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN HARRINGTON, et al., <br><br> *Defendants*. | Civil Action No. <br> 0:21-cv-01348-KMM-LIB |

**MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION OF EVERYTOWN FOR GUN SAFETY FOR
LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully moves for leave to file an amicus curiae brief in the above-captioned matter in support of Defendants' Motion for Summary Judgment. If granted leave, Everytown will file the brief attached as Exhibit A.[1] Plaintiffs and Defendants have both consented to the filing of this brief.[2]

Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including over 230,000 in Minnesota. Everytown

---

[1] No party's counsel authored the proposed amicus brief in whole or part and, apart from Everytown, no person contributed money to fund its preparation or submission.

[2] Plaintiffs consented on the conditions that the motion is filed on August 11, 2022, and the brief is no longer than half the length allowed for the party summary judgment motion it is supporting, both of which are satisfied.

was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a 20-year-old gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of 15 cities, towns, and other localities in Minnesota are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 50 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked, including in district courts in age restriction cases. *See, e.g.*, *Mitchell v. Atkins*, No. 3:19-cv-5106, Dkt. 100-1 (W.D. Wash.) (filed Apr. 7, 2020); *NRA v. Swearingen*, No. 4:18-cv-137, Dkt. 110-1 (M.D. Fla.) (filed Sept. 10, 2020).

Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D.

Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11 nn.4 & 7 (2019) (Alito, J., dissenting).

"A determination on a request to participate as amicus curiae is discretionary, and 'the court ... may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise.'" *Murphy by Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. May 4, 2018) (citation omitted). "The decision to allow the filing of an amicus brief is based on 'whether the brief[s] will assist the Court by presenting arguments, theories, and or facts that are not contained in the parties' briefs.'" *North Dakota v. Heydinger*, No. 11-cv-3232 (SRN/SER), 2013 WL 593898, at *7 (D. Minn. Feb. 15, 2013) (quoting *Am. Civil Liberties Union of Minn. v. Tarek ibn Zayad Acad.*, No. 09-cv-138 (DWF/JJG), 2010 WL 1840301, at *9 (D. Minn. May 7, 2010)).

Everytown respectfully submits that the proposed amicus brief would provide helpful insight to the Court in considering the parties' cross-motions for summary judgment, by providing additional analysis regarding the methodology for Second Amendment cases in the wake of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* identified, but did not resolve, an important methodological question regarding the focus of the originalist analysis of the Second Amendment—that is, whether the analysis should focus on the public understanding of its text in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *See Bruen*, 142 S. Ct. at 2138-39. The State's brief addresses that question only briefly, because history establishes the constitutionality of Minnesota's challenged law regardless of which period the Court examines. *See* Dkt. 49 at 20, 24, 26.

Everytown's proposed brief also explains that sources in the period after 1868 are critical to the historical analysis and explains how the State's 19th-century laws fit into *Bruen*'s framework. Because the Court may wish to resolve the question of the correct time period in this case, and *Bruen* compels consideration of 19th-century laws either way, we respectfully submit that Everytown's amicus brief would assist its decision-making.[3]

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached hereto.

Respectfully submitted,

 /s  Megan Walsh
Megan Walsh (#0394837)
University of Minnesota Law Clinics
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
Fax: 612-624-5771
wals0270@umn.edu

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

---

[3] This motion is timely by analogy to Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). *See, e.g.*, *Pavek v. Simon*, No. 19-cv-3000 (SRN/DTS), 2020 WL 1467008, at *4 (D. Minn. Mar. 26, 2020) (granting motion for leave to file amicus brief, filed March 13, 2020 (Dkt. 34), 7 days after March 6 filing of brief supported (Dkt. 32)); *cf. Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1054 (D. Minn. 2014) (granting motion for leave to file amicus brief submitted "[t]he afternoon before the Court held oral argument on the motion for preliminary injunction").