

Jay T. Squires*†     Tessa S. Wagner
Michael J. Waldspurger*     Michael J. Ervin
Amy E. Mace     Abigail R. Kelzer
Trevor S. Helmers*     Marcus B. Jardine
John P. Edison*     Jessica M. Anderson
Liz J. Vieira     Victoria M. Hansen
Kristin C. Nierengarten     William M. Seiler
Zachary J. Cronen     Dalia N. Istephanous
    Calen E. King

*Also Admitted in Wisconsin
†Real Property Specialist Certified - MN State Bar Association

April 3, 2023

*Via ECF Filing*
The Honorable Kate M. Menendez
United States District Court
316 North Robert Street
St. Paul, MN 55101

      RE: *Worth, et al. v. Harrington, et al.*
            Court File No. 21-cv-1348 (KMM/LIB)
            Our File No. 1070-1020

Dear Judge Menendez:

      On March 31, 2023, Defendant Commissioner of Public Safety filed an emergency motion (Doc. 85) requesting a stay of the injunction imposed in the Court's order on the parties' summary judgment motions issued earlier that day (Doc. 84). The next day, on April 1, the Court issued an order (Doc. 89) setting forth a briefing schedule, contemplating a response only from Plaintiffs. Pursuant to Local Rule 7.1(i), Defendant Sheriffs respectfully request the opportunity to weigh in on this motion. The Sheriffs do not believe a formal brief is necessary to do so and have set forth a short response below, should the Court be willing to consider it. If the Court would prefer a formal brief from the Sheriffs, we will certainly submit one.

      The Sheriffs support Defendant Commissioner's motion for a stay of the injunction and join the arguments set forth in his memorandum in support of the motion (Doc. 87). While the Commissioner's arguments discuss the practical reasons for staying the injunction, the Sheriffs wish to highlight a few points specifically related to their role. First, as mere cogs in the permitting process, the Sheriffs rely on forms, systems, and processes set forth by the Commissioner for the issuance of carry permits. If those forms, systems, and processes are not fully updated to reflect the current state of the law, the permitting process as executed at the local level will become ripe for inconsistencies and potential additional constitutional claims. A stay is appropriate to, at a minimum, allow the Commissioner to make necessary updates to the permitting process and to then allow the Sheriffs the opportunity to be trained and, in turn, train their staff on the changes to that process.

April 3, 2023
Page 2

  Beyond issues surrounding the orderly implementation of the mandated change to the permitting process, allowing the injunction to go into effect subject to a possible reversal at a later date is of particular concern to the Sheriffs. Defendant Commissioner indicates that carry permits issued to 18- to 20-year-olds under the injunction would be rendered invalid if the injunction is overturned on appeal. While the Sheriffs agree that this would be the necessary result, they acknowledge that this may not be a matter of settled law and, in turn, could lead to litigation following the conclusion of this case. And if such permits are in fact rendered invalid by a reversal of the injunction, this would leave the Sheriffs – and indeed all law enforcement officers in Minnesota or in jurisdictions with reciprocal permitting schemes – in an untenable position of having to evaluate the legitimacy of carry permits that were lawful at the time of issuance. It would raise questions about the Sheriffs' affirmative obligations to revoke permits issued to those in that age range and would leave the Sheriffs to determine the legality of a permit originally issued to an 18-, 19-, or 20-year-old who has since turned 21. Again, these uncertainties carry a real risk of further litigation directed at the Sheriffs.

  All of this confusion can readily be avoided. Like Defendant Commissioner, the Sheriffs urge the Court to preserve the status quo by staying the injunction pending any appeals and, depending on the outcome of such appeals, for a reasonable period thereafter to ensure that any necessary changes to the permitting scheme can be implemented properly and consistently.

Very Truly Yours,

Kristin C. Nierengarten
Zachary J. Cronen

RASWM: 235027